# EXHIBIT B

7/30/2020 12:40 PM
02-CV-2020-901630.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | |
|---|---|
| FEDCORP, INC., | * |
| Plaintiff, | * |
| v. | * Civil Action No. 2020-_____ |
| PATRICK SALAMONE, | * TRIAL BY JURY DEMANDED |
| Defendant. | * |

## VERIFIED COMPLAINT
## AND REQUEST FOR INJUNCTIVE RELIEF
## AND
## APPLICATION FOR TEMPORARY RESTRAINING ORDER AND
## PRELIMINARY INJUNCTION

COMES NOW Plaintiff FEDCorp, Inc., an Alabama corporation ("FEDCorp"), and files this Verified Complaint and Request for Injunctive Relief and Application for Temporary Restraining Order and Preliminary Injunction against Defendant Patrick Salamone ("Salamone" or "Defendant"), as follows:

## PARTIES AND JURISDICTION

1. Plaintiff FEDCorp is an Alabama corporation. FEDCorp regularly conducts business in Mobile County, Alabama.

2. Defendant Salamone is an individual resident of the State of Alabama, currently residing in Baldwin County.

3. This Court has jurisdiction over the subject matter of this action pursuant to Ala. Code § 12-11-30.

4. This Court has personal jurisdiction over the Defendant because his offending conduct made the basis of this action occurred within, and was purposefully directed towards and

1 of 11

caused damages in, Mobile County, Alabama.

5. Venue is proper in this Court because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Mobile County, Alabama.

## FACTUAL ALLEGATIONS

6. FEDCorp is in the business of providing financial services, and has customers located across the Southeast United States.

7. Salamone is a former employee of FEDCorp. Salamone was employed by FEDCorp from July 8, 2019 through July 27, 2020.

8. During his employment at FEDCorp, Salamone had access to and knowledge of extensive confidential business information and trade secrets of FEDCorp., including, without limitation, FEDCorp's customer lists, customer information, prospective customer information, management, marketing plans, business strategy, business models and procedures.

9. Without authorization, Salamone retained confidential business information and trade secrets of FEDCorp following his termination of employment with FEDCorp. Upon information and belief, Salamone remains in possession of FEDCorp's confidential business information and trade secrets.

10. Following termination of Salamone's employment with FEDCorp, Salamone contacted at least one competitor of FEDCorp and offered to sell that competitor FEDCorp's confidential business information and trade secrets of FEDCorp in exchange for money. FEDCorp's competitor contacted FEDCorp to advise them of Salamone's actions and statements.

11. Salamone has made additional written threats to FEDCorp advising FEDCorp that he intends to disclose and misappropriate FEDCorp's confidential business information and trade secrets to third parties.

12. Salamone has willfully and maliciously actually misappropriated and/or threatened to misappropriate confidential business information and trade secrets of FEDCorp with the intention of causing damage to FEDCorp.

13. Upon information and belief, and based upon Salamone's own written statements made to individuals at FEDCorp, Salamone continues to actually misappropriate and disclose and/or threaten to misappropriate and disclose FEDCorp's confidential business information and trade secrets.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION
### Violation of Alabama Trade Secrets Act, Ala. Code § 8-27-1, *et seq.*

14. Plaintiff incorporates by reference all of the allegations, facts and matters set forth in all preceding paragraphs above as if fully set forth herein, and further alleges as follows:

15. Salamone, without authorization from Plaintiff, actually misappropriated and/or threatened to misappropriate Plaintiff's trade secrets, as defined under Ala. Code § 8-27-2(1).

16. Plaintiff undertook steps, reasonable under the circumstances, to protect the secrecy and confidentiality of the trade secrets misappropriated by Salamone.

17. Salamone willfully and maliciously misappropriated and/or threatened to misappropriate Plaintiff's trade secrets and knew that the information was a trade secret that had been misappropriated under circumstances which violate Ala. Code § 8-27-3(1) or (2).

18. Salamone has knowledge of and, based on his recent conduct and threatened conduct, has disclosed and/or is likely to disclose and misappropriate additional trade secrets of FEDCorp.

19. Upon information and belief, Salamone remains in possession of FEDCorp's

confidential business information and trade secrets.

20. By engaging in the conduct described above, Salamone has violated the Alabama Trade Secrets Act, Ala. Code § 8-27-1, *et seq.*

21. As a result of Salamone's willful and malicious actual and/or threatened misappropriation of Plaintiff's trade secrets, Plaintiff has been damaged and will continue to be damaged.

22. As a result of Salamone's willful and malicious actual and/or threatened misappropriation of Plaintiff's trade secrets, Plaintiff has suffered, and will continue to suffer, irreparable harm and injury if Salamone is not enjoined from further actual and/or threatened misappropriation of Plaintiff's trade secrets.

WHEREFORE, Plaintiff respectfully asks for the following relief against Defendant Salamone:

(a) That this Court immediately grant a temporary restraining order prohibiting Salamone and anyone acting in concert with him from any further actual or threatened disclosure or misappropriation of FEDCorp's confidential business information and trade secrets;

(b) That this Court issue a preliminary injunction, to be effective until further Order of this Court and binding upon the parties to this action, their officers, agents, servants, employees, and attorneys, and upon those persons in active participation with them who receive actual notice thereof, enjoining Salamone and anyone acting in concert with him, from any further actual or threatened disclosure or misappropriation of Plaintiff's trade secrets and requiring the return to FEDCorp of all of its confidential business information and trade secrets in Salamone's possession;

(c) That after the trial of this cause, a permanent injunction be entered against Salamone, and anyone acting in concert with him, from any further actual or threatened disclosure or misappropriation of Plaintiff's trade secrets;

(d) That this Court issue such injunctive and other equitable relief as may be appropriate with respect to Salamone's actual and threatened misappropriation of Plaintiff's trade secrets;

(e) That Plaintiff be awarded compensatory damages in such amount as the jury may assess and are recoverable by law, including, without limitation, the recovery of any profits or benefits conferred on Salamone by the misappropriation of Plaintiff's trade secrets that are attributable to the misappropriation;

(f) That Plaintiff be awarded its reasonable attorneys' fees incurred in connection with this action;

(g) That Plaintiff be awarded exemplary damages in the highest amount permitted by law; and

(h) That Plaintiff be granted such other equitable and legal relief as is just and proper under the circumstances.

## SECOND CAUSE OF ACTION
### Tortious Interference with Contractual and Business Relationships

23. Plaintiff incorporates by reference all of the allegations, facts and matters set forth in all preceding paragraphs above as if fully set forth herein, and further alleges as follows:

24. Plaintiff had existing contractual and business relations with its customers and clients.

25. Salamone had and has knowledge of the existence of the contractual and business relationships FEDCorp has with its customers and clients.

26. Salamone consciously, intentionally, deliberately and maliciously interfered with the contracts and business relationships between FEDCorp by attempting to sell and disclose FEDCorp's confidential business information and trade secrets to FEDCorp's competitors.

27. Salamone, by virtue of his conduct described above, has interfered with, and continues to interfere with, FEDCorp's contractual relationships and its reasonable business expectations.

28. Salamone's interference with FEDCorp's contractual and business relationships was and is intentional, malicious and without legal or business justification.

29. Salamone's unlawful interference with FEDCorp's contractual and business relationships has caused, and will continue to cause, FEDCorp to suffer both measurable and immeasurable business injuries and damages.

30. Salamone engaged in conduct justifying the imposition of punitive damages under Ala. Code § 6-11-20, *et seq*.

31. As a result of Salamone's interference with FEDCorp's contractual and business relationships, FEDCorp has suffered, and will continue to suffer, immediate and irreparable injury.

WHEREFORE, FEDCorp respectfully asks for the following relief against Defendant Salamone:

(a) That this Court immediately grant a temporary restraining order prohibiting Salamone and anyone acting in concert with him from any further tortious interference with Plaintiff's contractual and business relationships, and specifically

restraining and enjoining Salamone from contacting Plaintiff's customers, employees, competitors, associated business entities, or other persons regarding FEDCorp and/or its business;

(b) That this Court issue a preliminary injunction, to be effective until further Order of this Court and binding upon the parties to this action, their agents, servants, employees, and attorneys, and upon those persons in active participation with them who receive actual notice thereof, enjoining Salamone and anyone acting in concert with him, from any further tortious interference with Plaintiff's contractual and business relationships, and specifically restraining and enjoining Salamone from contacting Plaintiff's customers, employees, competitors, associated business entities, or other persons regarding FEDCorp and/or its business;

(c) That, after trial of this cause, this Court issue a permanent injunction enjoining Salamone and anyone acting in concert with him from tortiously interfering with Plaintiff's contractual and business relationships;

(d) That this Court issue such injunctive and other equitable relief as may be appropriate with respect to Salamone's tortious interference with Plaintiff's contractual and business relations;

(e) That Plaintiff be awarded compensatory damages in such amount as the jury may assess and are recoverable by law;

(f) That Plaintiff be awarded punitive damages in an amount which will adequately reflect the enormity of Salamone's wrongful acts and prevent other similar and wrongful acts;

(g) That Plaintiff be awarded its reasonable attorneys' fees incurred in

connection with this action; and

(h)     That Plaintiff be granted such other equitable and legal relied as is just and proper under the circumstances.

---

### THIRD CAUSE OF ACTION
### Conversion

---

32.     Plaintiff incorporates by reference all of the allegations, facts and matters set forth in all preceding paragraphs above as if fully set forth herein, and further alleges as follows:

33.     Following the termination of the Salamone's employment with FEDCorp, Salamone intentionally converted and misused Plaintiff's confidential, proprietary and trade secret information and other company property.

34.     Upon information and belief, significant confidential, proprietary and trade secret information and other company property remains in the possession of Salamone.

35.     As a direct and proximate result of Salamone's actions, Plaintiff has suffered and will continue to suffer damages.

36.     Salamone engaged in conduct justifying the imposition of punitive damages under Ala. Code § 6-11-20, *et seq.*

WHEREFORE, Plaintiff respectfully asks for the following relief against Defendant Salamone:

(a)     That Plaintiff be awarded compensatory damages in such amount as the jury may assess and are recoverable by law;

(b)     That Plaintiff be awarded punitive damages in an amount which will adequately reflect the enormity of Salamone's wrongful acts and prevent other similar

and wrongful acts;

  (c) That Plaintiff be awarded its reasonable attorneys' fees incurred in connection with this action; and

  (d) That Plaintiff be granted such other equitable and legal relief as is just and proper under the circumstances.

        Respectfully submitted,

        ARMBRECHT JACKSON LLP
        Post Office Box 290
        Mobile, Alabama 36601
        (251) 405-1300

        By: */s/ Bryan D. Smith*
         Bryan D. Smith (SMI280)
         bds@ajlaw.com
         J. Harris Oppenheimer (OPP001)
         jho@ajlaw.com
         Julia James Shreve (JAM037)
         jcj@ajlaw.com

        *Attorneys for Plaintiff FEDCorp, Inc.*

## JURY DEMAND

Pursuant to Rule 38(b), *Alabama Rules of Civil Procedure*, Plaintiff demands a trial by jury with respect to all claims for relief set forth herein.

        */s/ Bryan D. Smith*
       Bryan D. Smith
       *Attorney for Plaintiff*

**[Verification follows]**

## VERIFICATION

STATE OF ALABAMA )
COUNTY OF MOBILE )

    I, James Michael Pruett, as the President of FEDCorp, Inc., an Alabama corporation, hereby verify that I have read the foregoing Verified Complaint and authorized its filing, and that the factual allegations stated therein are true and correct to the best of my knowledge, information and belief.

                                                       JAMES MICHAEL PRUETT

    SWORN TO AND SUBSCRIBED before me, the undersigned Notary Public, on this the 30th day of July, 2020.

[AFFIX SEAL]

                                    NOTARY PUBLIC
                                    My Commission Expires:

```
KELLY COMERFORD
NOTARY PUBLIC
ALABAMA - STATE AT LARGE
My Comm. Expires Nov. 27, 2023
```

**[Service information follows]**