IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| FEDCORP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV. ACT. NO. 1:20-cv-426-TFM-MU |
| | ) | |
| PATRICK SALAMONE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is *Plaintiff's Motion to Remand* (Doc. 4, filed September 1, 2020). The motion has been fully briefed and is ripe for review. Having considered the motion, responses, and relevant law, the Court finds Plaintiff's motion to remand is due to be **GRANTED** for the reasons articulated below.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff FEDCorp, Inc. ("Plaintiff" or "FEDCorp") brought this lawsuit against Defendant Patrick Salamone ("Defendant" or "Salamone") in the Circuit Court of Mobile County, Alabama on July 30, 2020.  *See* Doc. 1.  Plaintiff's *Verified Complaint and Request for Injunctive Relief and Application for Temporary Restraining Order and Preliminary Injunction* (Doc. 4-1) raises three causes of actions against Defendant: (1) Violation of Alabama Trade Secrets Act, Ala. Code § 8-27-1, *et seq.*; (2) Tortious Interference with Contractual and Business Relationships; and (3) Conversion.  *Id*. at 3 - 8.

Defendant was employed by Plaintiff from July 8, 2019 until July 27, 2020.  According to the Complaint, during Salamone's employment he had access to and knowledge of extensive confidential business information and trade secrets, such as FEDCorp's customer lists, customer

information, prospective customer information, management, marketing plans, business strategy, business models and procedures. Plaintiff contends that after FEDCorp terminated Defendant's employment, Defendant retained confidential business information and trade secrets without authorization. Furthermore, Plaintiff claims that following Defendant's termination, Salamone contacted at least one of FEDCorp's competitors and offered to sell them FEDCorp's confidential business information and trade secrets. Plaintiff was made aware of Defendant's actions by Plaintiff's competitor. Defendant has allegedly made written threats to Plaintiff that he intends to disclose and misappropriate Plaintiff's confidential business information and trade secrets to cause damage to FEDCorp. *Id*. at ¶¶ 7 – 13.

On August 27, 2020, Defendant filed a Notice of Removal based on an assertion of federal question jurisdiction, 28 U.S.C. § 1331. *See* Doc. 1, generally. Defendant filed concurrently an Answer to Plaintiff's Complaint containing counterclaims and request for injunctive relief. Docs. 1-4, 2. Defendant states in his Notice of Removal that the case is properly removable under 28 U.S.C. § 1441(a) because it arises from claims and defenses pursuant to the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, et seq., and counterclaims pursuant to 18 U.S.C. § 1836(b)(3)(D), the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2611, *et seq*., and the Families First Coronavirus Response Act ("FFCRA"), 29 U.S.C. § 2601, *et seq*. *See* Doc. 1 at ¶ 4.

On September 1, 2020, Plaintiff timely filed its motion to remand and motion for costs and attorney fees. *See* Docs. 4, 7, 8. In the motion to remand, Plaintiff asserts this Court lacks original jurisdiction because none of the claims in the Complaint involve federal question or arise under federal statutes. Concurrent with the motion to remand, Plaintiff also filed a motion for costs and attorney fees under 28 U.S.C. § 1447(c) wherein it moves the Court to require the improperly

removing party to pay their "just costs and any actual expenses" incurred because of the removal.[1] Doc. 4 at 6. Further, Plaintiff states that Defendant's removal is premised on federal question jurisdiction whereas the Complaint of this action only asserts Alabama state law claims. *Id.* at 7.

Defendant timely responded to the motion to remand on September 22, 2020. *See* Doc. 7. In the response, Defendant argues that Plaintiff's Complaint is not a well-pleaded complaint. Defendant reasons that the Complaint is devoid of any facts that state the trade secrets are actually trade secrets. *Id.* at 4. Specifically, Plaintiff fails to state the steps it took to protect its alleged trade secrets or how any of the information Defendant allegedly disclosed was a trade secret rather than public information. *Id*. Defendant contends that this Court has jurisdiction because the Plaintiff's complaint raises substantial questions of federal law related to the Defend Trade Secrets Act and retaliatory termination. *Id*. at 6. Defendant argues the Court should not award cost and attorney fees to Plaintiff because Defendant had an objectively reasonable basis for removal.

On September 29, 2020, Plaintiff filed a reply to Defendant's response. Plaintiff reasserts that Defendant failed to meet his burden as the defendant seeking removal and lacked any objectively reasonable basis for seeking removal of this action, therefore entitling Plaintiff to costs and attorney fees. The motion to remand and motion for costs and attorney fees are fully briefed and ripe for the Court's consideration.

## II.  STANDARD OF REVIEW

Under 28 U.S.C. § 1441(a), a defendant may remove a state court action to the encompassing federal district court only if "the district courts of the United States have original jurisdiction" over the case. Original jurisdiction may be established by federal question jurisdiction or diversity jurisdiction. A defendant may generally remove a civil action that arises

---

[1] This Court addresses the motion for costs and attorney fees in a separate concurrent opinion.

"under the Constitution, laws, or treaties of the United States" (federal question) or "the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States" (diversity jurisdiction). *See* 28 U.S.C. §§ 1331, 1332. 28 U.S.C. § 1441(a) "does not permit removal based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action." *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748, 204 L. Ed. 2d 34 (2019); *see also Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832, 122 S. Ct. 1889, 153 L. Ed. 2d 13 (2002) (holding that a counterclaim cannot serve as the basis for "arising under" federal question jurisdiction). Plaintiffs are the master of the complaint and are free to avoid federal jurisdiction. *Hill v. BellSouth Telecomms., Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004). Federal district courts have a duty to remand any case that was improvidently removed from state court. *Keene v. Auto Owners Ins. Co.*, 78 F. Supp. 2d 1270, 1272 (S.D. Ala. 1999). On a motion to remand, the party who removed the action to federal court bears the burden of establishing that federal jurisdiction exists. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). "[A]ll doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). Removal statutes are to be strictly construed against removal. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). "[T]he Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear." *Jerido v. American General Life and Acc. Ins. Co.*, 127 F. Supp. 2d 1322, 1324 (M.D. Ala. 2001).

### III.  DISCUSSION AND ANALYSIS

Plaintiff moves this Court to remand this action to the Circuit Court of Mobile County, Alabama. Doc. 4. The Court finds that Plaintiff's motion to remand is due to be granted.

The issue before the Court is whether Salamone's removal of this action was proper. Salamone removed this action solely on the basis of federal question jurisdiction. Plaintiff argues that this civil action should be remanded to State Court because this Court lacks original jurisdiction. Doc. 4 at 4. Plaintiff contends that none of its claims arise under the Constitution, laws, or treaties of the United States because all of its claims are state-law claims and Defendant's counterclaims purporting to arise under federal statute do not establish original jurisdiction. Doc. 4 at 4, 6. The Court agrees.

Defendant's *Notice of Removal* (Doc. 1) makes several arguments in support of removal. Defendant argues that Plaintiff's Alabama state-law claims should be construed as arising under "claims and defenses pursuant to certain federal statutes, including the Defendant Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, et seq." Doc. 1 at ¶ 4. Furthermore, Defendant argues that this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, asserts an affirmative defense of immunity pursuant to 18 U.S.C. § 1833, and alleges this Court has original federal question jurisdiction over this action based on Defendant's counterclaims and potential counterclaims arising under federal statutes. *Id.* at ¶¶ 5, 8. The Court finds that all of these arguments fail to establish this Court's original jurisdiction.

Defendant's argument that Plaintiff has established this Court's jurisdiction based on state-law claims arising under claims and defenses pursuant to federal statutes fails because there is no federal question present in the complaint that could satisfy the well-pleaded complaint rule. The well-pleaded complaint rule states that a case does not arise under federal law unless a federal question is present on the face of the plaintiff's complaint. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 11, 103 S. Ct. 2841, 2845, 77 L. Ed. 2d 420 (1983). "If the plaintiff elects to bring only state law causes of action in state court, no federal question will appear

in the complaint that could satisfy the well-pleaded complaint rule, and the case may not be removed to federal court." *Kemp v. Int'l Bus. Machines Corp.*, 109 F.3d 708, 712 (11th Cir. 1997) (citing 13B *Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure* § 3566 (1984)). Furthermore, "a case may not be removed to federal court on the ground of a federal question defense alone, even if that defense is valid." *Id*. Here, the well-pleaded complaint rule is not satisfied because there is no federal question claimed in FEDCorp's complaint and Salamone's defenses that present purported federal question counterclaims do not establish removal jurisdiction. *See Home Depot,* 139 S. Ct. at 1748.

Similarly, Defendant's supplemental jurisdiction argument also fails because a defendant may not base a § 1441(a) removal on the supplemental jurisdiction statute, 28 U.S.C. § 1367. *See Keene,* 78 F. Supp. 2d at 1273 (holding that the supplemental jurisdiction statute is not an independent source of removal jurisdiction and therefore does not empower a defendant to remove an otherwise unremovable case for consolidation with a related federal action). The Court also finds that Defendant's argument regarding counterclaims fail because it is well established that 28 U.S.C. § 1441(a) does not permit removal based on counterclaims because counterclaims are irrelevant to whether the district court has original jurisdiction over the civil action. *See Home Depot,* 139 S. Ct. at 1748.

Accordingly, this Court has a duty to remand this case that was improvidently removed from state court. *See Keene*, 78 F. Supp.2d at 1272. Salamone, as the party who removed this action, has not met his burden of establishing that federal jurisdiction exists. *Diaz*, 85 F.3d at 1505. Thus, the Court finds that FEDCorp's motion to remand is due to be granted.

### IV. CONCLUSION

Pursuant to the foregoing Memorandum Opinion, *Plaintiff's Motion to Remand* (Doc. 4) is

**GRANTED.**  All pending motions remain for state court resolution.  Accordingly, this action is **REMANDED** to the Circuit Court of Mobile County, Alabama.  The Clerk of the Court is **DIRECTED** to take appropriate steps to effectuate the remand.

**DONE** and **ORDERED** this 21st day of July 2021.

 s/Terry F. Moorer  
TERRY F. MOORER  
UNITED STATES DISTRICT JUDGE
