IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FEDCORP, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CIV. ACT. NO. 1:20-cv-426-TFM-MU |
| | ) |
| PATRICK SALAMONE, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's *Motion for Costs and Attorneys' Fees Under 28 U.S.C. § 1447(c)* (Doc. 4, filed September 1, 2020). This Court remanded this case to the Circuit Court of Mobile County, Alabama on July 21, 2021, in a concurrent opinion. Doc. 17. The motion for costs and attorney fees has been fully briefed and is ripe for review. Having considered the motions, responses, and relevant law, the Court finds Plaintiff's motion for costs and attorneys' fees is due to be **GRANTED**.

"It is well established that a federal court may consider collateral issues after an action is no longer pending." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395, 110 S.Ct. 2447, 2455, 110 L. Ed. 2d 359 (1990). Even after an action is dismissed for lack of jurisdiction, the Court may still address collateral matters such as attorney's fees and costs. *See PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1309 (11th Cir. 2016) ("[E]ven after an action is dismissed for lack of jurisdiction, district courts may still award costs and attorney's fees…") (citing *Cooter*, 496 U.S. at 395). A district court retains jurisdiction after remand to award costs. *See Ware v. Pine State Mortgage Corp.*, 754 F. App'x 831, 832 (11th Cir. 2018).

Plaintiff FEDCorp, Inc. ("Plaintiff" or "FEDCorp") seeks an award for costs and attorney fees incurred as a result of Defendant Patrick Salamone ("Defendant" or "Salamone") improper removal.  Doc. 4 at 6.  Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The Supreme Court's decision in *Martin v. Franklin Capital Corp.* guides district courts' consideration of whether to award fees when remanding a case to state court because of improper removal.  *See* 546 U.S. 132, 140, 126 S. Ct. 704, 711, 163 L. Ed. 2d 547 (2005).  The Court explained:

> [T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only when the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. *See, e.g., Hornbuckle,* 385 F.3d, at 541; *Valdes v. Wal-Mart Stores, Inc.,* 199 F.3d 290, 293 (C.A. 5, 2000). In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under § 1447(c).

*Martin*, 546 U.S. at 141, 126 S. Ct. at 711.

The issue before the Court is whether Salamone lacked an objectively reasonable basis for seeking removal.  Salamone removed this action to this Court premised on federal question jurisdiction, despite the fact that FEDCorp's complaint only raises Alabama state law claims. Salamone argues that his federal counterclaims under the DTSA, FMLA, and the FFCRA are his objectively reasonable basis for removal.  Doc. 7 at 10.  Salamone reasons that his federal claims qualify as a reasonable basis and therefore warrant the denial of FEDCorp's motion for attorneys' fees and expenses.  The Court finds otherwise.

The Court finds that Salamone's removal of this action lacked an objectively reasonable basis.  Viewed objectively, as the Court is required to do, FEDCorp's complaint only pleads state law claims and Salamone's Notice of Removal argues this Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question).  Accordingly, this Court clearly lacks original jurisdiction because none of the claims in the Complaint involve federal question or arise under federal statutes.  It is well-settled that "a case may not be removed to federal court on the ground of a federal question defense alone, even if that defense is valid." *Kemp v. Int'l Bus. Machines Corp.*, 109 F.3d 708, 712 (11th Cir. 1997).  Furthermore, 28 U.S.C. § 1441(a) does not permit removal based on counterclaims because counterclaims are irrelevant to whether the district court has original jurisdiction over the civil action.  *See Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748, 204 L. Ed. 2d 34 (2019).

It is clear that Salamone has failed to offer a credible reason for removal and removed this case despite obvious precedent that did not support its removal.  As the Supreme Court notes in *Martin*, "[t]he appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when statutory criteria are satisfied." *Martin*, 546 U.S. at 140.  The Court finds that Salamone's removal of this action prolonged litigation and imposed unwarranted litigation costs on FEDCorp.  Specifically, Salamone filed its Notice of Removal after FEDCorp obtained preliminary injunctive relief and while it had pending discovery request in state court.  Salamone's actions delayed discovery, prolonged litigation, and caused FEDCorp to incur costs and attorney fees to seek remand of this action back to state court.  The Court, in its discretion, finds it appropriate to award costs and attorney fees in this case.  Accordingly, Plaintiff's request for an

award of attorney's fees and costs is appropriate and the motion is **GRANTED** in that the Court will award appropriate fees and costs incurred in conjunction with the jurisdictional issues. Plaintiff is ordered to file a brief on attorney fees and costs using the *lodestar* analysis on or before **August 10, 2021**.  *See Perdue v. Kenn A. ex rel. Winn*, 559 U.S. 542, 552, 130 S. Ct. 1662, 1673, 176 L. Ed. 2d 494 (2010).

    **DONE** and **ORDERED** this 21st day of July 2021.

                                                           s/Terry F. Moorer
                                                           TERRY F. MOORER
                                                           UNITED STATES DISTRICT JUDGE